People v Dubose (2019 NY Slip Op 07275)





People v Dubose


2019 NY Slip Op 07275


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-04850

[*1]The People of the State of New York, respondent,
v
Laiquan E. Dubose, appellant. (S.C.I. No. 435/18)


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel; Victoria Randall on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Barry A. Schwartz, J.), imposed March 8, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid and does not preclude appellate review of his excessive sentence claim. The mere explanation of the right to appeal and the consequences of a waiver, without an affirmative response from the defendant that he or she understands the rights as explained, is insufficient to effect a valid waiver (see People v Bradshaw, 18 NY3d 257, 265-266; People v Brown, 122 AD3d 133, 145). Additionally, although the defendant signed a written waiver of the right to appeal, "a written waiver is not a complete substitute for an on-the-record explanation of the nature of the right to appeal" (People v Bradshaw, 76 AD3d 566, 569, affd 18 NY3d 257). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Brown, 122 AD3d at 145).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court